IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAYLOR LYNNE THAYNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-CV-00328-BCW |
| MARTIN O'MALLEY,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Taylor Thayne's brief seeking judicial review of Defendant the Commissioner of Social Security's final decision (Doc. #10) and the Commissioner's brief in support of the Commissioner's decision (Doc. #13). After briefings by the parties, the Court heard oral argument during a hearing by telephone on August 14, 2024.

## BACKGROUND

This matter involves the review of the Commissioner's final decision denying Plaintiff's application for a period of disability and disability insurance benefits under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 401. (Doc. #9-3 at 116-26). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The Court must determine whether the Commissioner's finding that Plaintiff is not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain

---

[1] Martin O'Malley, Commissioner of Social Security Administration as of December 20, 2023, is substituted as defendant in this cause. Fed. R. Civ. P. 24(d).

1

v. R.R. Ret. Bd., 88 F.3d 528, 530 (8th Cir. 1996). "The court's role is not to reweigh the evidence or try the issues de novo." Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence means "more than a mere scintilla" of evidence. Id. Rather, it "is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Wheeler v. Apfel, 224 F.3d 891, 894 (8th Cir. 2000) (citation omitted). The substantial evidence standard, however, "presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts." Clarke v. Bowen, 843 F.2d 271, 272 (8th Cir. 1988) (citation omitted). "An administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. at 272-73 (citation omitted). Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, [the Court] must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted).

Typically, an individual claiming disability benefits has the burden of proving he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the claimant succeeds, the burden of production shifts to the Commissioner to establish the claimant can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000); 20 C.F.R. § 404.1560(c)(2) (2014).

The Court finds, having reviewed the parties' briefs, listened to oral arguments, and considered the record as a whole, that the Commissioner's decision is based on substantial evidence. Accordingly, it is hereby

ORDERED, pursuant to Section 405(g), the Commissioner of Social Security's determination is AFFIRMED.

IT IS SO ORDERED.

DATE: August 19, 2024  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT